David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiff
Melissa Goddard

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Melissa Goddard | **Case Number:** |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Emerald AR Systems | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1. collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Melissa Goddard, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Emerald AR Systems, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Tucson, County of Pima, State of Arizona.

10. Defendant is located in the City of Phoenix, the County of Maricopa, and the State of Arizona.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Sometime before January 2009, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. The alleged debt in question was concerning private medical procedures of a sensitive nature.

18. Sometime thereafter, but before January 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before January 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about January 2009, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

23. Subsequently, on or about February 12, 2009, within the thirty-day period described in 15 U.S.C. § 1692g, Plaintiff notified Defendant, in writing, that this alleged debt, or some portion of it, was disputed.

24. In this same letter, Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communications by telephone with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

25. On or about March 10, 2009, Defendant telephoned Plaintiff's cellphone in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).  Consequently, Defendant violated 15 U.S.C. § 1692c(c).

26. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.  Because this communication did not comply with 15 U.S.C. § 1692g.

27. On or about March 10, 2009, Defendant telephoned Plaintiff at her place of employment in an attempt to collect the alleged debt after Defendant was

HYDE & SWIGART
Phoenix, Arizona

notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

28. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g.

29. During this March 10, 2009 conversation with Defendant, Plaintiff advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

30. During this same conversation Plaintiff reminded Defendant that she had previously sent a cease and desist letter as well as a request for validation. Defendant's agent Abby then claimed that Defendant had not received this letter.

31. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

32. Furthermore, Defendant then continued to attempt to collect the debt by going into detail of the private medical procedures that Plaintiff had received. Defendant knew or should have known that these procedures were of a sensitive nature and over Plaintiff's objections continued to discuss them in an attempt to embarrass and humiliate Plaintiff into making a payment.

33. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

34. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

35. Since, Defendant continued to ignore Plaintiff's request to not discuss this matter at her place of employment, and continued to talk over Plaintiff whenever she attempted to speak, Plaintiff had no choice but to hang up on Defendant.

36. On or about March 11, 2009, Defendant telephoned Plaintiff's cellphone in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).  Consequently, Defendant violated 15 U.S.C. § 1692c(c).

37. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.  Because this communication did not comply with 15 U.S.C. § 1692g.

38. On or about March 11, 2009, Defendant telephoned Plaintiff at her place of employment in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

39. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.  Because this communication did not comply with 15 U.S.C. § 1692g.

40. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

41. During this March 11, 2009 conversation with Defendant, Plaintiff again advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

42. During this same conversation Plaintiff again reminded Defendant that she had previously sent a cease and desist letter as well as a request for validation. Defendant's agent Abby again claimed that Defendant had not received this letter.

43. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

44. Defendant's agent then stated that since Plaintiff was disputing the debt, that Defendant was going to call Plaintiff's insurance company and inform them of the dispute and have Plaintiff's insurance company rescind all payments for the medical procedures. She then informed Plaintiff that Plaintiff would then be responsible for the entire balance of all procedures performed.

45. This statement represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

46. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

47. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

HYDE & SWIGART
Phoenix, Arizona

48. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

49. Defendants actions caused Plaintiff a great deal of mental anguish and emotional distress in the form of increased stress, anxiety, nervousness, fear of answering the phone, embarrassment, humiliation and physical symptoms such as prolonged headaches. This all significantly impacted her work and personal relationships.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

//

//

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

53. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

54. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

55. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: March 23, 2009

**Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiff